UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

BRYON GOSSARD,
*d/b/a Gilbert Indoor Range, LLC*,

    Plaintiff,

    v.

MICHAEL FRONCZAK,
*Director of Industry Operations, U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives*,

    Defendant.

Civil Action No. TDC-15-0850

**MEMORANDUM ORDER**

On March 24, 2015, Plaintiff Bryon Gossard sought review in this Court of the decision by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to deny his application for a Federal Firearms License ("FFL"). ECF No. 1. On June 30, 2016, the Court issued a Memorandum Opinion and Order granting Defendant Michael Fronczak's Motion for Summary Judgment and dismissing this case. ECF Nos. 37 & 38. After conducting a *de novo* review of ATF's decision, the Court found that ATF was authorized under 18 U.S.C. § 923(d) to deny Gossard's FFL application because that application failed to list Charles R. Gilbert as a "responsible person" in Gossard's proposed firearms business. ECF No. 37.

On July 28, 2016, Gossard filed a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). ECF No. 39. Under Rule 59(e), a party may seek to alter or amend a judgment "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005) (quoting *United States v. Westinghouse*

*Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)).  Gossard's Motion for Reconsideration argues that the Court erred in granting summary judgment for four reasons:  (1) ATF failed to present evidence that could be considered on a motion for summary judgment; (2) there was not enough evidence to support ATF's determination that Gilbert was a responsible person in Gossard's proposed FFL business; (3) statements in Gossard's declaration created a genuine issue of material fact; and (4) ATF violated Gossard's due process rights at the administrative hearing on his FFL application.

Initially, the Court notes that Gossard could have, but did not, present the first and fourth arguments when opposing ATF's Motion for Summary Judgment.  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac. Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999 ("[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised.").  The Court therefore will not consider either of those arguments.

In support of his argument that there was not enough evidence to support ATF's determination that Gilbert was a responsible person in Gossard's proposed FFL business, Gossard contends that ATF should not have viewed Gilbert's status as Gossard's landlord, Gilbert's history of straw FFL applications, and Gossard's lack of start-up capital as evidence that Gilbert was a responsible party for Gossard's proposed FFL business.  The Court's Memorandum Opinion addressed at length the facts giving rise to ATF's authorization to deny

Gossard's application. Mem Op. at 15-19. The Motion for Reconsideration does not set forth any grounds for revisiting that discussion.

As for the claim that statements in Gossard's declaration created a genuine issue of material fact, the Motion for Reconsideration points to three statements in the declaration that purportedly create a genuine issue of material fact precluding summary judgment: (1) Gossard is not a drug user; (2) Gossard was the only responsible person for the FFL business; and (3) ATF Industry Operations Investigator Gretchen Arlington told him that ATF had granted his FFL application. The Court did consider Gossard's declaration when ruling on the Motion for Summary Judgment. *See* 18 U.S.C. § 923(f)(3) (permitting the court to consider "any evidence submitted by the parties to the proceeding whether or not such evidence was considered at the [administrative] hearing"). However, the assertion in Gossard's declaration that he is not a drug user did not factor into the Court's ruling. Although ATF cited Gossard's alleged drug use as one reason for denying his FFL application, the Court granted summary judgment based solely on its determination that ATF was authorized to deny Gossard's FFL application for failing to list Gilbert as a responsible person on that application. *See* Mem. Op. at 9.

Gossard's declaration also averred that Gilbert could not control him or the proposed FFL business and that Gilbert would not be involved in the business's firearms transactions. Gossard Decl. ¶¶ 4-8, 25. The Court did not determine the credibility of Gossard's assertions. *See* Mem. Op. at 15. Instead, it found that the undisputed facts, such as Gilbert's employment of Gossard and his control of the premises, showed that Gilbert possessed "directly or indirectly, the power to direct or cause the direction of the management, policies, and practices" of Gossard's FFL business. AR Ex. G-28, FFL Application Instructions at 1. Gossard's declaration disputed the

legal significance of some facts at issue, but not the facts themselves, and was thus insufficient to create a genuine issue of material fact.

Finally, Gossard's declaration states, "M[s]. Arlington admitted during her testimony that Mr. Gossard's FFL was approved, but when she had returned to the office she received a call from Ted Sabate claiming that Mr. Gossard was a marijuana [user]." Gossard Decl. ¶ 19. The declaration misrepresents Arlington's testimony at the FFL hearing, where she stated that it "appeared likely" that the license "might be issued." Hearing Transcript at 321-22. The Court considered this statement but concluded that even if Gossard's version was accurate, where no formal approval had issued, such a statement would not strip ATF of its statutory authority to deny his application for material omissions. The Court therefore finds no basis to revisit its prior determination.

In summary, the Court finds no "clear error of law" or "manifest injustice" to justify reconsideration of its prior ruling. *Bogart*, 396 F.3d at 555. Accordingly, it is hereby ORDERED that the Motion for Reconsideration, ECF No. 39, is DENIED.

Date: August 10, 2016  /s/
THEODORE D. CHUANG
United States District Judge